**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Piero A Bugoni, et al., | No. CV-20-00996-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Craig A Smith, | |
| Defendant. | |

## I.

Plaintiff Piero Bugoni filed a pro per Complaint, on behalf of himself and Plaintiff Anne Banks, against Defendant Craig Smith alleging, *inter alia*, tortious deceit, intrusion upon seclusion, solicitation to commit murder, attempted murder, and alienation of affections. (Doc. 1.) Also pending before the Court is Plaintiffs' application to proceed in forma pauperis.

The Court must inquire whether it has jurisdiction in every case. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). If a complaint fails to affirmatively show that the Court can exercise jurisdiction, the Court must dismiss sua sponte. *See, e.g.*, *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). Mr. Bugoni has failed to establish that the Court has jurisdiction over this matter.

## II.

To establish standing to sue under Article III of the U.S. Constitution, a plaintiff must show (1) that he suffered an injury-in-fact that is concrete, particularized, and actual

or imminent, as opposed to merely abstract; (2) that the defendant caused the injury; and (3) that the injury would likely be redressed by the relief requested. *See Thole v. U.S. Bank N.A., et al.*, 140 S. Ct. 1615, 1618 (2020). Mr. Bugoni makes no showing that he has suffered a concrete and particularized injury-in-fact. He alleges merely abstract injuries of "outrage[] and disgust[]" and "shocks to [the] conscience" in response to conduct from over twenty-five years ago. (Doc. 1.) Mr. Bugoni has not met his burden of establishing Article III standing. Mr. Bugoni also fails to show that he has standing to sue on behalf of Ms. Banks.[1] In order to do so, Mr. Bugoni himself must also meet the requirements of Article III standing. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a party must assert his own legal rights and cannot rely on others' injuries to support a claim for relief); *Fleck & Assoc., Inc. v. City of Phoenix*, 471 F.3d 1100, 1105 (9th Cir. 2006). Because Mr. Bugoni has not made a showing of a personal standing, he does not have the power to sue on behalf of Ms. Banks.

## III.

The Complaint also fails to establish diversity jurisdiction under 28 U.S.C. § 1332. The essential elements of diversity jurisdiction, including the diverse residence of all parties and an amount-in-controversy over $75,000, must be affirmatively alleged in the pleadings. *See Rainero v. Archon Corp.*, 844 F.3d 832, 839-840 (9th Cir. 2016). A plaintiff must do more than merely recite a legal conclusion of diversity—he must assert facts regarding citizenship of all parties.[2] *Id.* Mr. Bugoni does not establish any parties' state of citizenship. He only provides a legal conclusion that the Court has jurisdiction because the parties "are individual residing in several of the United States." (Doc. 1.) This is not enough to affirmatively establish diversity jurisdiction.

---

[1] It is not clear if Ms. Banks is involved with, or even aware of, the filing of the complaint. Mr. Bugoni states he has not spoken with Ms. Banks in over twenty years. (Doc. 1 at 11.)

[2] Citizenship for diversity depends on each party's state of domicile at the time the lawsuit was filed. Domicile is a party's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The amount-in-controversy must likewise be alleged in good faith and not be merely conclusory and unsupported.³ *See Singman v. Amazon.com, Inc.*, No. CV 19-10882-AB, 2020 WL 4873569, at *4-5 (C.D. Cal. May 27, 2020). Mr. Bugoni makes no allegation as to the amount-in-controversy for his individual claim. He does, however, allege compensatory damages of over $500,000 to be paid solely to Ms. Banks. He makes no accounting or explanation of how he arrived at the amount for Ms. Banks' claim. The alleged amount-in-controversy is thus conclusory and unsupported and is not enough to establish diversity jurisdiction.

### IV.

Accordingly,

**IT IS ORDERED** that this Complaint (Doc. 1) is dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court should not close this case at this time.

**IT IS FURTHER ORDERED** that by September 17, 2020, Plaintiffs shall file an amended complaint properly alleging standing and federal subject matter jurisdiction or this case will be dismissed without prejudice.

**IT IS FINALLY ORDERED** that if Plaintiffs fails to submit an amended complaint by the date set forth above, the Clerk of the Court should dismiss this case without prejudice, and enter judgment accordingly.

Dated this 27th day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

³ If it is obvious on the face of the complaint that the suit cannot involve the necessary amount, the federal court does not have subject matter jurisdiction and must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).